UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHERMAN PRUITT, and MELODY PRUITT<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF ARLINGTON, a municipal corporation, and JONATHAN WELLS, and JOHN DOE ARLINGTON POLICE OFFICERS 1-5,<br><br>Defendants. | Case No. C08-1107 MJP<br><br>ORDER DENYING PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIM OF DEFENDANTS |

This matter comes before the Court on Plaintiff's motion to dismiss the Defendants' counterclaim under RCW 4.24.350. Having considered Plaintiff's motion and supporting documents (Dkt. Nos. 15-16), Defendants' response (Dkt. No. 21), and Plaintiffs' reply (Dkt. No. 25), the Court DENIES Plaintiffs' motion.

### Background

Plaintiffs bring this action alleging violations of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. (Dkt. No. 1 at 3-5.) In response, Defendants bring a counterclaim for malicious prosecution under RCW 4.24.350(2). (Dkt. No. 12.)

ORDER - 1

Discussion

Washington common law provides a remedy for malicious prosecution if seven elements are met: 1) the defendant instituted or continued a prior action; 2) probable cause for that action was absent; 3) the proceedings were instituted or continued through malice; 4) the proceedings were terminated on the merits in favor of the plaintiff; 5) the plaintiff suffered injury or damage as a result of that action; 6) an arrest or seizure of property occurred; and 7) the plaintiff suffered special injury of a nature that would not necessarily result from similar actions. Clark v. Baines, 150 Wn.2d 905, 911-12 (2004).

RCW 4.24.350 eliminates the need to show arrest, seizure, or injury, and lessens the burden of proving malicious prosecution for judicial officers, prosecuting attorneys, and law enforcement officers. The statute also allows liquidated damages and reasonable attorney's fees. RCW 4.24.350(2).

Plaintiffs' argument, that this statute violates the First Amendment's protections of free expression, fails. Plaintiffs argue that lawsuits are protected speech (Dkt. No. 15 at 9). Even if lawsuits generally are protected speech, the lawsuits covered by the Washington statute concern suits that are false and unfounded. Baseless litigation, motivated by unlawful purpose, is not protected by the First Amendment. BE&K Constr. Co. v. NLRB, 536 U.S. 516, 531 (2002), nor is it a fundamental right. Wender v. Snohomish County, No. C07-197Z, 2007 WL 3165481, at *4 (W.D. Wash. Oct. 24, 2007). Governmental and police officials are not a suspect class. Id. Therefore, the Court reviews this statute by asking whether the Legislature had a rational basis for enacting it. Id. (adopting Judge Bryan's approach in Bakay v. Yarnes, No. C04-5803-RJB, 2005 WL 2454168, at *6 (W.D. Wash. Oct. 4, 2005). RCW 4.24.350(2) was passed in response to the "growing number of unfounded lawsuits, . . . filed against law enforcement officers, . . ." and with the purpose of providing a remedy to those officials. Laws of 1984, ch. 133, 1. RCW 4.24.350(2) easily survives rational basis review because the Washington Legislature set forth a "rational reason for the statute," and

there is a "rational relationship between the stated reason for the statute and the statute's content." Bakay, 2005 WL 2454168, at *6.

Second, Plaintiffs erroneously rely upon Chaker v. Crogan, 438 F.3d 1215, 1227-28 (9th Cir. 2005)(holding that a California statute unconstitutionally restricted certain viewpoints by making it a misdemeanor to file false complaint reports with the police department). Chaker is distinguishable. While the California statute was penal in nature and thus actively proscribed certain conduct, RCW 4.24.350(2) is a civil statute that was intended to be purely remedial. See Laws of 1984, ch. 133, 1, 3. In Chaker, the California statute was invalidated because only false complaints against government officials were proscribed. Chaker, 428 F.3d at 1226. In contrast, the Washington statute proscribes no conduct at all. Washington common law provides anyone with a cause of action for malicious prosecution; the State Legislature merely limited the elements that must be proven by certain plaintiffs. The Washington statute limits no one's access to the courts, nor does it dictate what type of lawsuit may be filed. Thus, Chaker does not control this Court's analysis.

The Plaintiffs' argument that RCW 4.24.350(2) is preempted by the Federal Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988 is unavailing. Plaintiffs claim that RCW 4.24.350(2) conflicts with the federal statute because the state law requires a "lesser showing" to prove that an action is frivolous. (Dkt. No. 15 at 13.) This argument is directly contradicted by the requirements of the respective statutes. While § 1988 requires only that the plaintiff's suit be objectively groundless in order for the defendant to obtain attorney's fees, RCW 4.24.350(2) requires the defendant to prove additionally that the plaintiff subjectively knew that the claim was false. The two statutes do not conflict.

Finally, the Plaintiffs unsuccessfully contend that RCW 4.24.350 violates the Washington State Constitution, in particular Article I §§ 4, 5, and 12. Plaintiffs provide no support for their position and merely quote the articles. (Dkt. No. 15 at 14.) As to Article I, § 12, the privileges and immunities provision (Dkt. No. 15 at 14), they rely upon Harmon v.

ORDER - 3

McNutt, 91 Wn.2d 126, 130-31 (1978), which stands for the twin propositions that Article I, § 12 requires that persons similarly situated with respect to the purpose of the law receive like treatment and that the question of "like treatment" be determined by rational basis review. As discussed above, RCW 4.24.350(2) survives that deferential review. Unlike the situation in Harmon, the case before this Court does not involve similarly situated groups of individuals. There is insufficient authority to support a finding that RCW 4.24.350(2) violates the Washington State Constitution.

The Court DENIES Plaintiff's motion to dismiss Defendants' counterclaim. The Clerk is directed to send a copy of this order to all counsel of record and mail a copy to Plaintiff.

DATED this 23rd day of February, 2009.

/s/ Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 4