UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHERMAN PRUITT and MELODY PRUITT,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ARLINGTON, et al,<br><br>Defendant. | Case No. C08-01107 MJP<br><br>ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on Defendant's motion for partial summary judgment. (Dkt. No. 43). Having reviewed the motion, Plaintiffs' response (Dkt. No. 45), Defendant's reply (Dkt. No. 47), and the balance of the record, the Court makes the following rulings: 1) the Court GRANTS Defendant's motion for partial summary judgment on the issue of Plaintiffs' constitutional claims against the City of Arlington; 2) the Court GRANTS Defendant's motion for partial summary judgment on the issue of Plaintiff Sherman Pruitt's remaining claims.

**Background**

On June 7, 2008, Defendant Jonathan Ventura ("Officer Ventura"), a police officer with the City of Arlington, was dispatched to investigate some threatening phone calls being made to the home of Amy Marie Langley. (Dkt. No. 44 at 2). After gaining information from Ms. Langley

ORDER — 1

that the phone calls appeared to have been made by Plaintiff Melody Pruitt, Officer Ventura departed for the home of Plaintiffs Melody and Sherman Pruitt. (Id. at 3). Upon arriving at the Pruitt house, Defendant alleges that he spoke with Melody Pruitt about the calls on her porch, while Plaintiff Melody Pruitt claims that she remained in her house during the conversation. (Id.; Dkt. No. 46-A at 1).

The discussion turned heated after Melody Pruitt refused to give Officer Ventura her driver's license. Defendant claims that he responded to Melody Pruitt's alleged belligerence by grabbing her and placing her under arrest. (Dkt. No. 44 at 3-4). Plaintiff claims that Defendant kicked open the front door, pulled her onto the porch, and handcuffed her. (Dkt. No. 46-A at 1). Both parties agree that Officer Ventura placed Melody Pruitt in his patrol car and called her husband, Sherman Pruitt, a police officer with the Tulalip Tribe. (Dkt. No. 44 at 4; Dkt. No. 46-A at 2). Officer Ventura declined to take Melody Pruitt to jail, and instead waited in the Pruitt's driveway under an hour for Sherman Pruitt to return home. (Dkt. No. 44 at 4; Dkt. No 46-B at 1).

Upon Sherman Pruitt's return, he and Officer Ventura engaged in a heated argument about whether the officer had violated the Pruitts' constitutional rights. (Dkt. No. 44 at 4; Dkt. No. 46-B at 1-2). Officer Ventura then released Melody Pruitt and gave her a citation for telephone harassment. (Id.). Plaintiffs then initiated this action against the City of Arlington, Officer Ventura, and five anonymous Arlington police officers for violations of Fourth and Fourteenth Amendment rights, assault, battery, false arrest, malicious prosecution, outrage, and negligent infliction of emotional distress.

## Legal Standard

If a party is unable to show that a genuine issue of material fact exists from the record, then it is proper to grant summary judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548; 91 L. Ed. 2d 265 (1986).

## Discussion

**I. Plaintiffs' Constitutional Claims Against the City of Arlington**

Plaintiffs concede in their response brief that there is insufficient evidence as to whether customs or policies of the City of Arlington led to a violation of Plaintiffs' constitutional rights. Defendant's motion for partial summary judgment as to Plaintiffs' constitutional claim against the City of Arlington is therefore granted.

**II. Plaintiff Sherman Pruitt's Remaining Claims**

Plaintiff Sherman Pruitt was not named in any of the causes of action in the Complaint save the constitutional claims. (Dkt. No. 1 at 3-4). As a result, dismissal of Sherman Pruitt from all other causes of action is proper. See Schwartzmiller v. Wong, No. 05-3066, 2008 U.S. Dist. LEXIS 23123 (N.D. Cal. Mar. 13, 2008).

In the alternative, granting Defendants summary judgment on all of Sherman Pruitt's remaining claims would be appropriate even if he were not dismissed as a plaintiff. Defendants are correct that Sherman Pruitt does not have third-party standing to sue on Melody Pruitt's behalf. In Kowalski v. Tesmer, 543 U.S. 125, 130 (2004), the Supreme Court held that third-party standing existed only if the possessor of the right is hindered from protecting her own interests. Since Melody Pruitt is also a plaintiff in this lawsuit, her ability to protect her own interests is not hindered. As a result, Sherman Pruitt does not have standing to bring a claim under the Fourth or Fourteenth Amendment, a claim for false arrest, or a claim for malicious prosecution since he was not searched, seized, or detained by Officer Ventura. (Dkt. No. 1). Similarly, Sherman Pruitt does not have claims for assault and battery since he was not touched by Officer Ventura.

As for Sherman Pruitt's remaining claims for outrage and negligent infliction of emotional distress, summary judgment for the Defendants is also appropriate. A plaintiff has a claim for outrage only if there has been "(1) extreme and outrageous conduct; (2) intentional or reckless infliction of emotional distress; and (3) actual result to the plaintiff of severe emotional distress." Rice v. Janovich, 109 Wn. 2d 38, 61 (1987); Restatement (Second) of Torts 46 (1965). Seeing one's wife briefly detained and cited is not extreme or outrageous conduct, nor can it cause severe emotional distress to the viewer. Similarly, a claim of negligent infliction of emotional distress

ORDER — 3

requires that a plaintiff "witness[] a loved one in an accident or come[] on the scene moments later and observe[] the loved one's agonized state." <u>Colbert v. Moomba Sports, Inc.</u>, 163 Wn.2d 43, 176 P.3d 497, 503 (2008). In <u>Colbert</u>, the Washington Supreme Court held that even a father who watched his dead daughter's body pulled out of a lake did not qualify for negligent infliction of emotional distress since he had already known his daughter was dead prior to arriving at the scene. As the plaintiff in <u>Colbert</u> could not survive summary judgment, it is impossible for Sherman Pruitt to maintain a claim for negligent infliction of emotional distress. It is appropriate for this Court to grant Defendants summary judgment on all of Sherman Pruitt's remaining claims.

**Conclusion**

Plaintiffs have conceded that there is insufficient evidence to support their constitutional claims against the City of Arlington. Therefore, the Court GRANTS Defendant's motion for partial summary judgment on Plaintiffs' constitutional claims against the City of Arlington. Sherman Pruitt does not have third-party standing to sue on Melody Pruitt's behalf, and his injuries are insufficient to qualify for recovery under claims of outrage and negligent infliction of emotional distress. Therefore, the Court GRANTS Defendant's motion for partial summary judgment on Plaintiff Sherman Pruitt's remaining claims.

The Clerk is directed to send a copy of this order to all counsel of record.

Dated: May 28, 2009.

Marsha J. Pechman
U.S. District Judge

ORDER — 4